**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICARDO ELLISON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO: |
| | : | |
| GLEN-GERY CORPORATION; and | : | |
| GLEN-GERY CORPORATION, d/b/a | : | |
| GLEN-GERY MID-ATLANTIC PLANT | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT AND JURY DEMAND

**I.    INTRODUCTION**

Ricardo Ellison (hereinafter referred to as "Plaintiff"), claims of Defendants Glen-Gery Corporation and Glen-Gery Corporation, d/b/a Glen-Gery Mid-Atlantic Plant (hereinafter referred to as "Defendants"), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.    This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2.    This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA"), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination

with respect to his compensation, terms, conditions and privileges of employment by the Defendants, based on his race (African-American). Plaintiff also asserts a claim under the FCRA for violations of said Act, including being discharged in contravention thereof.

## II.    JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f), and Title 15 U.S.C. §1681, et seq., which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.     The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.     The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6.     All conditions precedent to the institution of this suit have been fulfilled. On July 27, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.   This action was filed by the Plaintiff within ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.    PARTIES

7.     Plaintiff, Ricardo Ellison, is an adult citizen of the Commonwealth of Pennsylvania who resides therein at 301 Beverly Court, First Floor, Shillington, Pennsylvania.

8.     Defendants, Glen-Gery Corporation, was and is now a corporation duly

- 2 -

organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 423 S. Pottsville Pike, Shoemakersville, Pennsylvania.

9.     Defendants, Glen-Gery Mid-Atlantic Plant, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 423 S. Pottsville Pike, Shoemakersville, Pennsylvania.

10.     At all times relevant hereto, Defendants, who either jointly or individually employed Plaintiff, were acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendants.

11.     At all times material herein, Defendants have been a "person" and "employer" as defined under Title VII, §1981 and the FCRA, and is subject to the provisions of each said Act.

## IV.     STATEMENT OF CLAIMS

12.     Plaintiff was employed by Defendants from in or about September 8, 2020, until on or about October 14, 2020, when he was terminated from his position of employment as a result of unlawful and discriminatory employment practices complained of herein.  Plaintiff held the position of laborer at the time of his termination.

13.     During his employment, Plaintiff performed his job function in a dutiful and competent manner for Defendants.

14.     At or about the time of his hire, Defendants performed a background check on Plaintiff.  Upon information and belief, Plaintiff was not asked to provide written

authorization for his background check.

15.    Approximately three weeks after his hire, on or about October 2, 2020, Plaintiff was informed that he was terminated due to information which appeared on his background check.

16.    Although Plaintiff was not provided a copy of the report, he was told that if he presented information clarifying that the particular entry was dismissed, he could return to work.

17.    Shortly thereafter, Plaintiff provided such information to Defendants, yet was never contacted to return to work.

18.    Thereafter, Plaintiff made several unsuccessful attempts to follow-up with Defendants as to the status of his employment.

19.    Plaintiff went to his place of work on October 14, 2020, and was told, for the first time, that he was instead fired for leaving his line without permission.

20.    Plaintiff disputed this assertion as he was never previously told of any improper conduct on his part.

21.    Moreover, unlike Defendants' Caucasian personnel, Plaintiff was not issued any disciplinary action for his alleged misconduct and was not afforded any progressive discipline, which would not have resulted in his immediate dismissal for said infraction.  Plaintiff was therefore subjected to differential and disparate standards of treatment on the basis of his race.

22.    The reason asserted by Defendants for Plaintiff's termination was a pretext for racial discrimination.

23.    Plaintiff was also disparately impacted by Defendants' criminal record

screening practices in that they are neither job-related and nor consistent with business necessity.

24.     Defendants' actions likewise violated the FCRA for failing to provide Plaintiff with a copy of his background check and a summary of rights, failing to give him an opportunity to review the report and explain any challenged occurrences, failing to provide him with a pre-adverse action notice, and by terminating his employment for pretextual reasons.

**COUNT I**
**(TITLE VII – Race Discrimination)**

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint fully set forth at length herein.

26.     The actions of the Defendants through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment, and in terminating Plaintiff's employment because of his race (African-American), constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

27.     The Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28.     As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and

front pay and interest due thereon.

## COUNT II
### (§1981 – Race Discrimination)

29.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

30.     The actions of the Defendants, through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment, and in terminating Plaintiff's employment because of her race (African-American), as aforesaid, constituted a violation of §1981.

31.     Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

32.     As a direct result of Defendants' willful and unlawful actions in violation of §1981, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III
### (FCRA)

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as if fully set forth at length herein.

34.     The actions of the Defendants, through its agents, servants, and employees, in failing to provide Plaintiff with a copy of the background check and a summary of his rights, failing to give him an opportunity to review the report and explain any occurrences, failing to provide him with a pre-adverse action notice, and by

- 6 -

terminating him in a pretextual manner, as aforesaid, constituted a violation of the FCRA.

35.     Defendants' acts in violation of the FCRA, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

36.     As a direct result of Defendants' willful and unlawful actions in violation of the FCRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

37.     Plaintiff repeats the allegations of paragraph 1 through 36 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and order that:

(a)     Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)     Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c)     Defendants pay to Plaintiff punitive damages, as allowed under the law, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

LOVITZ LAW FIRM, P.C.

By:_____

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215)  735-1515 Fax
Attorney for Plaintiff, Ricardo Ellison

- 8 -